Anso Sharue HILL, Appellant

v.

The STATE of Texas, Appellee.

No. 12–11–00292–CR.

Court of Appeals of Texas,
Tyler.

July 11, 2012.

Sten M. Langsjoen, Tyler, for Appellant.

Ekua A. Assabill, for the State.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

### MEMORANDUM OPINION

SAM GRIFFITH, Justice.

Anso Sharue Hill appeals his conviction for burglary of a habitation with the intent to commit sexual assault. On appeal, Ap-

pellant presents four issues. We dismiss in part, modify in part, and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with burglary of a habitation with intent to commit sexual assault, a first degree felony,[1] and entered a plea of guilty to that offense. Appellant and his counsel signed various documents in connection with his guilty plea, including a stipulation and judicial confession in which Appellant swore, admitted, and judicially confessed to all the allegations pleaded in the indictment. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of his guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.[2] The trial court also ordered that Appellant pay court costs and attorney's fees of $350.00.

The State filed a motion to adjudicate, alleging that Appellant had violated the terms of his community supervision. At the hearing, the State abandoned paragraph I of its motion to adjudicate. Appellant pleaded "not true" to the remaining paragraphs of the State's allegations. At the conclusion of the hearing, the trial court declined to rule on the motion and held the hearing "in abeyance." Almost one year later, the State filed a motion to complete the adjudication hearing, alleging that Appellant had committed other offenses.

Appellant filed a motion for a competency exam, which was granted. The trial court found that Appellant was incompe-

1. See TEX. PENAL CODE ANN. § 30.02(a)(1), (d) (West 2011). The indictment also charged Appellant with burglary of a habitation with the intent to commit assault, burglary of a habitation and committing or attempting to commit a felony, endangering a child younger than fourteen years of age, and assault of a public servant. However, the record does not show the disposition of these charges.

2. See TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp.2011).

tent to stand trial, that there was substantial probability that Appellant would attain competency to stand trial within the foreseeable future, and, therefore, committed Appellant to the North Texas State Hospital for a period not to exceed one hundred and twenty days. Approximately three months later, Appellant attained competency to stand trial. After a hearing, the trial court granted the State's motion to adjudicate, found paragraphs I through V of the State's motion to adjudicate to be "true," revoked Appellant's community supervision, and adjudicated Appellant guilty of burglary of a habitation with the intent to commit sexual assault. The trial court assessed Appellant's punishment at twenty years of imprisonment, and assessed court costs as well as attorney's fees in the amount of $960.00.[3] However, the trial court did not include an assessment of attorney's fees in its oral pronouncement of Appellant's sentence. Appellant filed a motion for new trial that was overruled by operation of law. This appeal followed.

### SENTENCING

In his first issue, Appellant argues that the trial court erred by assessing attorney's fees against him in the judgment because the trial court failed to orally pronounce those fees at sentencing. Well-settled law recognizes that a trial court's judgment serves only as the "written declaration and embodiment" of the trial court's oral pronouncements. *Taylor v. State,* 131 S.W.3d 497, 500 (Tex.Crim. App.2004); *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex.Crim.App.2002). Thus, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Ex parte Madding,* 70 S.W.3d at 135. However, court costs need neither be orally pronounced nor in-

corporated by reference in the judgment to be effective. *Armstrong v. State,* 340 S.W.3d 759, 766–67 (Tex.Crim.App.2011); *see Weir v. State,* 278 S.W.3d 364, 367 (Tex.Crim.App.2009). Court costs do not "alter the range of punishment to which the defendant is subject, or the number of years assessed" and, thus, are not part of the sentence. *Armstrong,* 340 S.W.3d at 767; *Weir,* 278 S.W.3d at 367. Instead, court costs are compensatory in nature; that is, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Armstrong,* 340 S.W.3d at 767; *Weir,* 278 S.W.3d at 366.

In contrast, fines generally must be orally pronounced in the defendant's presence. TEX.CODE CRIM. PROC. ANN. art. 42.03 § 1(a) (West Supp.2011); *Armstrong,* 340 S.W.3d at 767. Fines are clearly punitive in nature, and they are intended to be part of the convicted defendant's sentence as they are imposed pursuant to Chapter 12 of the Texas Penal Code, entitled "Punishments." *See Armstrong,* 340 S.W.3d at 767; *Weir,* 278 S.W.3d at 366. Similarly, restitution is also punitive. *See Weir,* 278 S.W.3d at 366; *Ex parte Cavazos,* 203 S.W.3d 333, 338 (Tex.Crim.App.2006).

Like court costs and unlike fines, attorney's fees are compensatory and nonpunitive. *See Armstrong,* 340 S.W.3d at 767. Attorney's fees are reimbursement for the legal services provided by appointed counsel. *See id.* Moreover, a trial court may impose attorney's fees whether or not the defendant is convicted, and the directive to pay attorney's fees does not change the range of punishment assessed. *See id.; see also* TEX.CODE CRIM. PROC. ANN.

---

**3.** An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (West 2011).

art. 26.05(g) (West Supp.2011). Here, the trial court did not include an assessment of attorney's fees in its oral pronouncement of Appellant's sentence. Because attorney's fees are similar to court costs, we apply the same rules. i.e., court costs do "not have to be included in the oral pronouncement of sentence" to be enforced. *See Armstrong,* 340 S.W.3d at 767; *Weir,* 278 S.W.3d at 367. Therefore, because attorney's fees need not be orally pronounced, the trial court did not err by assessing attorney's fees against him in the judgment. Accordingly, we overrule Appellant's first issue.

### ATTORNEY'S FEES

In his second issue, Appellant contends that the trial court erred by assessing attorney's fees against him in the judgment because no evidence was presented regarding the amount of attorney's fees, and the trial court failed to make a finding regarding his ability to pay attorney's fees.

### *Applicable Law*

█ If a court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay, during the pendency of the charges or if convicted, as court costs the amount that it finds the defendant is able to pay. TEX.CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp.2011). Thus, the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Mayer v. State,* 309 S.W.3d 552, 556 (Tex.Crim.App.2010). In other words, there must be some factual basis in the record illustrating that an accused is capable of paying a legal fee or has the financial resources to offset some or all of the cost of appointed counsel. *Moore v. State,* 339 S.W.3d 365, 371 (Tex.

App.-Amarillo 2011), *aff'd as modified,* 371 S.W.3d 221 (Tex.Crim.App.2012); *Barrera v. State,* 291 S.W.3d 515, 518 (Tex.App.-Amarillo 2009, no pet.).

█ An award of community supervision is not a right, but a contractual privilege. *Speth v. State,* 6 S.W.3d 530, 534 (Tex.Crim.App.1999); *Reyes v. State,* 324 S.W.3d 865, 867 (Tex.App.-Amarillo 2010, no pet.). Additionally, the conditions appended to the grant of community supervision are terms of the contract entered into between the trial court and the defendant. *Speth,* 6 S.W.3d at 534; *Reyes,* 324 S.W.3d at 867. More importantly, conditions not objected to are affirmatively accepted as terms of the contract. *Speth,* 6 S.W.3d at 534. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. *Id.* In other words, a defendant who benefits from the contractual privilege of community supervision, the granting of which does not involve a systemic right or prohibition, must complain at trial about any conditions he finds objectionable. *Id.*

### *Analysis*

█ Here, Appellant was ordered to pay attorney's fees in the amount of $350.00 as a condition of his community supervision. He did not complain at the time this condition was imposed. Because he did not do so, he not only affirmatively accepted it but also waived any objection to it. *See Reyes,* 324 S.W.3d at 867.

█ However, the same is not true of the additional $610.00 assessed once Appellant was adjudicated guilty; the imposition of that sum is controlled by the holding in *Mayer. See id.* At the hearing on the motion to adjudicate, Appellant stated that he lived by himself, was not married, and did not have any children. He admit-

ted that he received a social security check of $777.00 per month for his bipolar/schizophrenic disability. Further, he stated that he received this check while he was committed to the North Texas State Hospital and while he was in jail. Thus, even though Appellant was not employed, he had access to sufficient financial resources to offset some or all the cost of appointed counsel, or an additional $610.00. *See Moore,* 339 S.W.3d at 371; *Barrera,* 291 S.W.3d at 518. Because the record reflects that Appellant had the financial means to pay attorney's fees, the trial court did not err by assessing attorney's fees against him in the judgment. Accordingly, we overrule Appellant's second issue.

### MOTION FOR NEW TRIAL

In his third issue, Appellant contends that the trial court abused its discretion by failing to hold a hearing on his motion for new trial.

### Applicable Law

A defendant placed on deferred adjudication community supervision may not raise issues relating to the trial court's community supervision order in appeals filed after his community supervision is revoked. *Manuel v. State,* 994 S.W.2d 658, 661–62 (Tex.Crim.App.1999). Instead, a defendant must raise issues relating to the community supervision order in an appeal taken when community supervision is originally imposed. *Id.* The court of criminal appeals has recognized two exceptions to this rule: (1) the "void judgment" exception, and (2) the "habeas corpus" exception. *Nix v. State,* 65 S.W.3d 664, 667 (Tex.Crim.App.2001). The void judgment exception recognizes that there are some rare situations in which a trial court's judgment is accorded no respect due to a complete lack of power to render the judgment in question. *Id.* A void judgment is a "nullity" and can be attacked at any

time. *Id.* at 667–68. Thus, a defendant who was placed on deferred adjudication may raise on appeal an error that would render the original judgment void, even if that appeal comes after the defendant's guilt is adjudicated. *Id.* at 668.

But a judgment of conviction for a crime is void only when (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, and thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel when the right to counsel has not been waived. *Id.* A guilty plea is some evidence to support a conviction. *Id.* at 668 n. 14.

### Analysis

Here, Appellant contends that newly discovered evidence places his intentions while entering the victim's habitation at issue, raises questions regarding the victim's credibility, and raises questions as to his guilt. We do not have jurisdiction to consider these arguments. A complaint about the sufficiency of the evidence to support a conviction must be brought after the trial court's decision to defer adjudication of guilt and not after a subsequent revocation of community supervision and adjudication of guilt. *See Manuel,* 994 S.W.2d at 661–62. A judgment can be void if the record reflects that there is a complete lack of evidence to support the conviction. *See Nix,* 65 S.W.3d at 668 n. 14. However, a guilty plea, such as Appellant entered in the underlying cause, is some

evidence to support the conviction. *See id.* Thus, Appellant's conviction is not void. Because his conviction is not void, Appellant's third issue is dismissed.

### ABANDONED COUNT IN JUDGMENT

 In his fourth issue, Appellant argues that the trial court erred by finding paragraph I of the State's motion to adjudicate to be "true" because the State had previously abandoned it. The State agrees. An appellate court has the power to correct and reform a trial court judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Cobb v. State,* 95 S.W.3d 664, 668 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The record shows that the State's motion to adjudicate contained four paragraphs in which the State alleged that Appellant had violated the terms and conditions of his community supervision. At the hearing on its motion to adjudicate, the State abandoned paragraph I of its motion. After the hearing on the State's motion to complete adjudication, the trial court granted the State's motion to adjudicate and found paragraphs I through V of the State's motion to adjudicate to be "true." However, as the State contends and the record reflects, its motion to adjudicate did not contain a paragraph V. Therefore, the State asserts, we should reform the trial court's judgment to correct both errors. We agree. Appellant's fourth issue is sustained.

### CONCLUSION.

We have overruled Appellant's first and second issues, but we have sustained Appellant's fourth issue. Having done so, we *modify* the trial court's judgment adjudicating guilt by deleting the notation that the "court finds counts I, II, III, IV, V to State[']s motion to adjudicate true" and substituting a notation that the "court finds paragraphs II, III, and IV to the State's motion to adjudicate to be true."

We *dismiss* Appellant's third issue and *affirm* the trial court's judgment as modified.

### JUDGMENT

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that the trial court's judgment adjudicating guilt, **be modified** by deleting the notation that the "court finds counts I, II, III, IV, V to State[']s motion to adjudicate true" and substituting a notation that the "court finds paragraphs II, III, and IV to the State's motion to adjudicate to be true," and as **modified,** the judgment of the trial court is **affirmed;** and that this decision be certified to the court below for observance.