**Affirm in part, affirm as modified in part and Opinion Filed July 12, 2013**

In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00334-CR
No. 05-12-00335-CR
No. 05-12-00336-CR

**VICTOR VARGAS, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause Nos. 401-82363-2011, 401-82671-09 & 401-80263-10

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

Victor Vargas appeals the trial court's order that he pay court-appointed attorney fees in two probation revocations and in the order placing him on deferred adjudication for aggravated robbery. We affirm the trial court's judgment in the two revocations and modify the judgment in the aggravated robbery case to delete the requirement to pay court-appointed attorney fees.

Appellant was arrested in December 2009 and charged with two burglary of a habitation offenses. He was appointed counsel, accepted a plea agreement, and on February 5, 2010, the trial court assessed punishment at eight years confinement, probated for five years, and a $500 fine in each case. The trial court ordered appellant to pay court costs of $340 and $290 respectively and to pay Collin County for his "court-appointed attorney." The conditions of

probation provide that appellant will reimburse Collin County as directed by the probation department for "compensation paid to appointed counsel." Additionally, appellant signed a document from the probation department entitled "Payment Agreement" listing both burglary cause numbers. Appellant agreed to a monthly payment of $50 toward his fees owing in both cases, specifically court costs of $630, attorney fees of $950, and fines totaling $1,000. The agreement stated the failure to make the monthly payment would be a violation of the court order and could be cause for a warrant to issue. Under the plea agreements, appellant waived any right to file a motion for new trial or right of appeal.

In March 2011, the State filed motions to revoke, alleging appellant violated three conditions of his community supervision. After hiring retained counsel to represent him, appellant pleaded true to the State's allegations, and the trial court extended his probation by two years in each case.

In August 2011, appellant was charged with aggravated robbery and attorney Ed King was appointed to represent him in September. The State again filed motions to revoke probation in the burglary cases and attorney Sindhu Alexander was appointed in those cases. Three months later, the trial court granted motions to substitute counsel and retained counsel Bruce Anton took over in all three cases. In January 2012, retained counsel filed a motion to continue, noting he had enlisted the services of an expert drug evaluation counselor and the expert needed time to evaluate appellant and confer with counsel.

On February 15, 2012, appellant pleaded true to the State's motions to revoke and was sentenced to eight years in prison in each burglary case. The judgments revoking probation reflect appellant was ordered to pay "all fines, costs" and "court-appointed attorney" fees. The "Financial Information" section in the clerk's record shows appellant was ordered to pay for both

2

cases, costs of $630, attorney fees of $950, and fines of $1,000. The attorney fee amount dates from the original pleas placing appellant on probation in each case.

During the same hearing, in the aggravated robbery case, appellant entered an open plea of guilty and was placed on deferred adjudication probation for ten years. The trial court ordered appellant to pay court costs of $269.12 and that "the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against [appellant] as court cost." A Payment Agreement shows appellant agreed to make a monthly payment of $20 on his fees, and specifically states "Court Costs TBD" and "Attorney Fee -0-." A supplemental clerk's record filed after submission of these appeals shows appellant was assessed costs totaling $929.12 of which $660 are listed as appointed attorney's fees. The clerk's record reflects that court-appointed attorney Ed King submitted a pay sheet to the court for representation of appellant for the three months after appellant's arrest for aggravated robbery until Bruce Anton was retained to represent him.

On appeal, appellant claims insufficient evidence supports the trial court's order that he pay for court-appointed counsel in each case. Appellant contends that, because he was initially found indigent in these cases, he was deemed indigent throughout the proceedings and should not be ordered to pay court-appointed counsel costs.

With respect to the two burglary of habitation convictions, appellant was ordered to pay $950 in attorney fees at the original proceeding at which he was placed on community supervision. There is nothing in the record to indicate any additional attorney fees were imposed as part of the revocation proceeding.

The law is well established that a defendant placed on community supervision may raise issues related to the conviction, such as evidentiary sufficiency, only in appeals taken when

community supervision is originally imposed. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). That is, such issues may not be raised in appeals filed after community supervision is revoked. *Id.*

Thus, in his burglary cases, appellant could challenge the assessment of court-appointed attorney's fees only at the time those costs were imposed. Because he did not bring these complaints until he was revoked, we conclude they are untimely. We overrule his sole issue in cause numbers 05-12-00335-CR and 05-12-00336-CR.

In the aggravated robbery case, in response to appellant's complaint, the State contends the evidence supports the assessment of the court-appointed attorney's fees. Specifically, the State argues that, although appellant was initially found indigent, he (1) retained counsel following the State's March 2011 motions to revoke in the two burglary cases, (2) was found "ineligible for court-appointed counsel at one point in August 2011," and (3) retained counsel in December 2011. The State claims this is evidence of a material change in financial circumstances after a determination of indigency and, therefore, supports the trial court's decision to assess court-appointed attorney's fees. We disagree.

A defendant is indigent if he is not financially able to employ counsel. TEX. CODE CRIM. PROC. ANN. art. 1.051(b) (West Supp. 2012). The determination of whether a defendant is indigent is made "on a case-by-case basis as of the time the issue is raised and not as of some prior or future time." *Whitehead v. State*, 130 S.W.3d 866, 874 (Tex. Crim. App. 2004). Factors to be considered include "the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that is available to the defendant." *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010).

4

A defendant who is determined by a court "to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a material change in financial circumstances occurs after the determination of indigency is made, the defendant, the defendant's counsel, or the attorney representing the State may move for reconsideration of the determination. *Id.* If the trial court determines that the defendant has financial resources which enable him to offset, in part or in whole, the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). Thus, the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); *Hill v. State*, No. 12-11-00292-CR, 2012 WL 2834168, at *2 (Tex. App.—Tyler July 11, 2012, no pet.) (mem. op.) (evidence presented at hearing that incarcerated defendant received monthly disability check of $777 supported order to pay all or part of $610 for court-appointed attorney costs incurred during revocation hearing at which defendant received sentence of twenty years in prison).

The State first argues the fact that appellant hired counsel in March 2011 is some evidence he was not indigent in his aggravated robbery case. Appellant was arrested for aggravated robbery on August 16, 2011. Because indigency determinations are made at the time the issue is raised, we conclude appellant's hiring retained counsel to represent him in March 2011, five months before he committed aggravated robbery, is no evidence of what his indigency status was in August 2011.

Next, the State argues appellant was found ineligible for court-appointed counsel in August 2011. The record contains an "Indigency Flow Sheet," dated August 18, 2011, which states "NOT ELIGIBLE." In the upper left corner of the flow sheet, however, is a hand-written note stating "9-1-11 Re-reviewed. Def. remains in custody – eligible." It bears the initials of the person who made the notation, and that same day, appellant was appointed counsel. Because the document that indicates appellant was found ineligible also shows his status was re-evaluated and he was subsequently found eligible, we conclude this is not sufficient to support the State's contention.

Finally, the State claims the fact appellant hired retained counsel in December 2011 is evidence of a material change in financial circumstances, sufficient to support the assessment of court-appointed attorney's fees. At the time of trial, appellant was twenty years old and had been married for two years. His mother testified she raised and supported appellant and his two siblings by cleaning houses after she and appellant's father were divorced. Jose Borras testified appellant married Borras's sister (who had recently joined the Marines), and they lived with her parents. According to Borras, his family helped appellant "cooperate with his conditions" of probation by getting him to meetings, community service, and check-ins. Borras also testified that he, his family, and appellant's mother had been pooling money together to pay for appellant's legal fees and community service fees. Thus, contrary to the State's assertions, the record does not show appellant had a material change in financial circumstances; rather, the record shows he had immediate and extended family members who assisted him by retaining and paying for legal counsel. The evidence presented by witnesses who testified at the hearing as well as the documents contained in the record do not support a finding of a material change in financial circumstances.

Under these circumstances, we conclude there is no evidence to support that portion of the trial court's judgment ordering appellant to pay his court-appointed attorney's fees. We sustain appellant's sole issue in cause number 05-12-00334-CR.

We affirm the trial court's judgments in cause numbers 05-12-00335-CR and 05-12-00336-CR. We modify the trial court's judgment in cause number 05-12-00334-CR to delete the language ordering the cost of appellant's court-appointed attorney taxed against him as court cost. We affirm the trial court's judgment as modified in cause number 05-12-00334-CR.

Do Not Publish
TEX. R. APP. P. 47
120334F.U05

                                        /Molly Francis/
                                        _____
                                        MOLLY FRANCIS
                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

VICTOR VARGAS, Appellant

No. 05-12-00334-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82363-2011.
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment by **DELETING** the language:

It is further ORDERED that the cost to Collin County for the payment of this defendant's court-appointed attorney, if any, is taxed against this defendant as court cost.

We **AFFIRM** the trial court's judgment as **MODIFIED**.

Judgment entered July 12, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

VICTOR VARGAS, Appellant

No. 05-12-00335-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82671-09.
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered July 12, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE

9



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

VICTOR VARGAS, Appellant

No. 05-12-00336-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-80263-10.
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.


Judgment entered July 12, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE