# NO. 12-12-00398-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *XAVIER TREMAYNE HARRIS,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Xavier Tremayne Harris appeals his conviction for the offense of possession of a controlled substance. He raises two issues on appeal relating to the imposition of court costs and restitution. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the felony offense of possession of a controlled substance, methamphetamine, in an amount of less than one gram in a drug-free zone.[1] The State abandoned the drug-free zone enhancement, and on June 1, 2012, Appellant pleaded guilty to the offense and was placed on community supervision for a period of five years. The judgment of conviction assessed $334.00 in court costs and $140.00 in "restitution."

The State filed an application to revoke Appellant's community supervision on October 17, 2012. Appellant pleaded "True" to the first paragraph and "Not True" to the second and third paragraphs contained in the State's application. The trial court found the State's allegations in

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(b) (West 2010); *id.* § 481.134(d) (West Supp. 2012).

each paragraph "true," revoked Appellant's community supervision, sentenced Appellant to a twenty-four month term of confinement, and ordered the payment of "restitution and reimbursement . . . to DPS [the Department of Public Safety]," and court costs.

The judgment reflecting the trial court's revocation of Appellant's community supervision assessed $284.00 in court costs, $600.00 in attorney's fees, and $140.00 in "reimbursement."

**SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS**

In his first issue, Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. After Appellant filed his brief, the record was supplemented with a bill of costs. Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[2]

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

---

[2] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal. He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed. The bill of costs is now included in the record. Appellant has not been deprived of the opportunity to file a supplemental or reply brief to challenge whether the costs in the withholding order were correctly assessed. We have received no such brief.

**Discussion**

The judgment revoking Appellant's community supervision reflects that the trial court assessed $284.00 in court costs, which is one hundred dollars less than the costs assessed when Appellant was originally placed on community supervision. The bill of costs reflects that one hundred dollars has been paid. Thus, the trial court's assessment of $284.00 in court costs is supported by the bill of costs. Appellant has not identified any improper costs or fees that make up the trial court's $284.00 assessment. Since the record was supplemented with a bill of costs, Appellant has had the opportunity to determine whether the trial court had a statutory basis for imposing the amount contained in its withholding order. Except for his challenge to the trial court's assessment of "restitution," Appellant makes no other challenges to the withholding order. The evidence is sufficient to support the trial court's assessment of $284.00 in court costs. Accordingly, we overrule Appellant's first issue.[3]

**DPS LAB FEES**

In his second issue, Appellant contends that the trial court erred by ordering that "restitution" in the amount of $140.00 be paid to DPS. The State contends that Appellant's challenge is without merit because he "agreed to pay the DPS Lab restitution" as a condition of his community supervision.

**Applicable Law**

A trial court judge "shall enter the restitution or reparation due and owing" upon the court's revocation of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b) (West Supp. 2012). An appeal from an order revoking community supervision is limited to the propriety of the revocation. *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd). An accused does not have a right to be awarded community supervision; instead, it is a contractual privilege. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *Hill v. State*, No. 12-11-00292-CR, 2012 WL 2834168, at *3 (Tex. App.—Tyler July 11, 2012, no pet.)

---

[3] In its brief, the State argues that Appellant was required to preserve error in order to challenge the assessment of costs. The State also argues that Appellant should not be allowed to benefit from his failure to present a complete clerk's record. We disagree with both of the State's contentions. An objection at trial is not required to challenge the trial court's assessment of costs. *See Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); *Cardenas*, 2013 WL 1164365, at *5. Further, it is the clerk's responsibility to send the bill of costs to the court in which the case is appealed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

(not yet released for publication). The conditions appended to the grant of community supervision are terms of the contract entered into between the trial court and the defendant. *Speth*, 6 S.W.3d at 534; *Hill*, 2012 WL 2834168, at *3. The trial court judge determines the conditions of community supervision and may alter or modify the conditions at any time during the period of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a) (West Supp. 2012).

The judge may impose any reasonable condition of community supervision, which includes the requirement that a defendant reimburse a law enforcement agency for analysis, storage, or disposal of controlled substances in connection with the offense. *See id.* art. 42.12, § 11(a)(19). Conditions not objected to are affirmatively accepted as terms of the contract. *Speth*, 6 S.W.3d at 534; *Hill*, 2012 WL 2834168, at *3. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. *Id.* This includes a challenge to the sufficiency of the evidence supporting the imposition of financial obligations as a condition of community supervision. *See, e.g.*, *Lang v. State*, No. 12-10-00286-CR, 2011 WL 3618498, at *2 (Tex. App.—Tyler Aug. 17, 2011, no pet.) (mem. op., not designated for publication); *Kassube v. State*, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 WL 697362, at *3 (Tex. App.—Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication). Thus, failure to object at trial to the imposition of conditions affirmatively waives the right to complain on appeal. *See Lang*, 2011 WL 3618498 at *2.

**Discussion**

Appellant first argues that the trial court lacked authority to order "restitution" because DPS does not qualify as a victim under Article 42.037 of the code of criminal procedure. Appellant did not object to the assessment of the $140.00 in "restitution." Therefore, Appellant failed to preserve his argument on appeal that the trial court lacked authority to order restitution to the DPS. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341-42 (Tex. Crim. App. 2004) (failure to preserve error results in forfeiture or waiver of right to complain on appeal).

Appellant next argues that there is no factual basis in the record to support the amount of "restitution" ordered by the trial court. On June 1, 2012, Appellant signed a document identified as the "Agreed Punishment Recommendation." Pursuant to the plea agreement, the State would recommend a two year sentence to be suspended for a period of five years. The agreement

4

included a special condition that Appellant would pay "RESTITUTION in the amount of $140 to DPS for lab fee."

In accordance with the plea agreement, the trial court found Appellant guilty of the offense, assessed punishment at two years of confinement, suspended his sentence for a period of five years, and ordered "[r]eimbursement . . . to DPS in the amount of $140 for the lab fee analysis." That same day, the trial court and Appellant signed the conditions of community supervision, which reflected Appellant's obligation to pay "restitution" in the amount of $140.00.

Less than five months after Appellant was placed on community supervision, the trial court conducted a hearing on the State's application to revoke community supervision. The trial court granted the State's application and revoked Appellant's community supervision. In its pronouncement, the trial court ordered that "restitution and reimbursement" be paid to DPS.

The record shows that the amount of "restitution" or "reimbursement" included in the second judgment is the same as the amount included in the judgment of conviction, the conditions of community supervision, and the agreed plea recommendation. Regardless of the language used by the trial court to categorize the $140.00, by signing the terms and conditions, Appellant affirmatively accepted this amount in fees as a condition of community supervision. Appellant did not complain of the sufficiency of the evidence supporting the payment of $140.00 to DPS upon being placed on community supervision. Because he did not do so, Appellant not only affirmatively accepted the requirement that he pay $140.00 to DPS, but also waived any objection to it. *See **Hill***, 2012 WL 2834168, at *3. Furthermore, because the lab fees had not been paid, the trial court was required to order the restitution or reparations due and owing upon revoking Appellant's community supervision.[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(b); ***Lang***, 2011 WL 3618498, at *2. Accordingly, we overrule Appellant's second issue.

## OTHER ERRORS IN THE JUDGMENT

In reviewing the record, we note that the judgment reflecting Appellant's revocation

---

[4] There is a conflict among the courts of appeals as to whether the payment of lab fees qualifies as "reparations" under Section 2(b), Article 42.03 of the Texas Code of Criminal Procedure. *Compare **Horton v. State***, No. 10-09-00258-CR, 2010 WL 2010932, at *3 (Tex. App.—Waco May 19, 2010, pet. ref'd) (restitution payable to DPS as reimbursement for lab fees constitutes "reparation") *with **Aguilar v. State***, 279 S.W.3d 350, 353 n.1 (Tex. App.—Austin 2007, no pet.) (holding that reparation does not encompass lab fees).

contains clerical errors not raised by either party. An appellate court has the power to correct and reform a trial court's judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *George v. State*, No. 12-10-00353-CR, 2011 WL 2224219, at *3, 5 (Tex. App.—Tyler June 8, 2011, pet. ref'd) (mem. op., not designated for publication); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Our authority to reform incorrect judgments is not dependent on the request of any party. *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

First, the judgment is identified as "Judgment Adjudicating Guilt." It is clear from the record that Appellant was not placed on deferred adjudication community supervision. Because Appellant had previously been found guilty and placed on community supervision, the correct name of the judgment should read "Judgment Revoking Community Supervision."

Next, the judgment identifies the offense as a "3rd Degree Felony." This is incorrect because the State abandoned the drug-free zone enhancement upon Appellant's guilty plea, which made the offense a state jail felony.[5] Thus, the judgment should reflect that the degree of the offense is a "State Jail Felony." The judgment also states that Appellant pleaded "True" to the "Motion to Adjudicate." Here, the State filed an application to revoke, and Appellant pleaded "true" to the first paragraph and "not true" to the second and third paragraphs of the State's application. Thus, to accurately reflect what occurred during Appellant's revocation, the judgment should be corrected to show that the plea was to a "Motion to Revoke" and that Appellant pleaded "True to Paragraph 1 and Not True to Paragraphs 2 and 3."

Finally, the judgment states, "(2) The Court **DEFERRED** further proceedings, made no finding of guilt, and rendered no judgment. . . ." This statement is incorrect. The trial court found Appellant guilty of the offense on June 1, 2012, the date that Appellant pleaded guilty and was placed on community supervision. Thus, to accurately reflect what transpired during Appellant's guilty plea, the judgment should be corrected to state that "(2) The Court found Defendant guilty, assessed punishment at two years of confinement, and ordered imposition of Defendant's sentence of confinement suspended."

---

[5] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

## DISPOSITION

We have overruled Appellant's first and second issues, but have found other errors in the judgment. Accordingly, we *modify* the trial court's judgment to replace "Judgment Adjudicating Guilt" with "Judgment Revoking Community Supervision"; replace "3rd Degree Felony" with "State Jail Felony"; replace "Plea to Motion to Adjudicate" with "Plea to Motion to Revoke"; replace "True" with "True to Paragraph 1 and Not True to Paragraphs 2 and 3"; and replace "(2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment" with "(2) The Court found Defendant guilty, assessed punishment at two years of confinement, and ordered imposition of Defendant's sentence of confinement suspended." *See* TEX. R. APP. P. 43.2(b).

We *affirm* the judgment of the trial court *as modified*. *See* TEX. R. APP. P. 43.2(b).


### SAM GRIFFITH
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 31, 2013

## NO. 12-12-00398-CR

**XAVIER TREMAYNE HARRIS,**
Appellant
V.
**THE STATE OF TEXAS**,
Appellee

---

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 241-0467-12)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to replace "Judgment Adjudicating Guilt" with "Judgment Revoking Community Supervision"; replace "3rd Degree Felony" with "State Jail Felony"; replace "Plea to Motion to Adjudicate" with "Plea to Motion to Revoke"; replace "True" with "True to Paragraph 1 and Not True to Paragraphs 2 and 3"; and replace "(2) The Court **DEFERRED** further proceedings, made no finding of guilt, and rendered no judgment" with "(2) The Court found Defendant guilty, assessed punishment at two years of confinement, and ordered imposition

8

of Defendant's sentence of confinement suspended;" **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*