

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00075-CR

WESLEY DON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 369th District Court
Cherokee County, Texas
Trial Court No. 19903

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

In 2015, Wesley Don Davis was indicted for sexual assault.[1]  Under a plea bargain agreement, in 2017 the trial court entered an order of deferred adjudication, placed Davis on community supervision for ten years, and assessed Davis $521.00 in court costs, $500.00 in attorney fees, and $35.00 restitution.  On March 7, 2019, the 369th Judicial District Court of Cherokee County[2] entered its judgment adjudicating guilt, sentenced Davis to sixteen years' imprisonment, and assessed him $667.10 in court costs and $500.00 in attorney fees previously imposed in its order of deferred adjudication.

On appeal, Davis challenges the trial court's assessment of court-appointed attorney fees, contending that (1) the attorney fees assessed in the deferred adjudication order cannot be brought forward in the judgment adjudicating guilt because the trial court did not pronounce them during sentencing and (2) there was insufficient evidence to support the assessment of court-appointed attorney fees.  Because we find that (1) the assessment of attorney fees need not be pronounced during sentencing and (2) Davis forfeited his sufficiency complaint, we affirm the trial court's judgment.

## I.      Background

After Davis was indicted for sexual assault, he entered into a written plea bargain agreement with the State in which he agreed to (1) plead guilty, (2) pay restitution of $35.00,

---

[1]*See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A).

[2]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

(3) reimburse court costs, and (4) reimburse court-appointed attorney fees of $500.00, in exchange for deferred adjudication and ten years' community supervision. The plea bargain was accepted by the trial court, which entered an order of deferred adjudication placing Davis on community supervision for ten years and assessed him $521.00 in court costs, $500.00 in attorney fees, and $35.00 restitution. Davis did not appeal from that order.

Later, the State filed a motion to adjudicate. After a hearing, the trial court adjudicated Davis' guilty, and sentenced him to sixteen years' imprisonment. Throughout the pronouncement of his sentence, the trial court did not assess attorney fees. Yet, the written judgment adjudicating guilt included an assessment of $500.00 attorney fees.

## II.     The Trial Court Did Not Err in Assessing Attorney Fees

In his first issue, Davis complains that the trial court erred in bringing forward the court-appointed attorney fees from the deferred adjudication order into the judgment adjudicating guilt. Davis argues that since the trial court did not assess those attorney fees during its oral sentencing, the oral pronouncement must prevail over the written judgment.[3]

It is settled law "that a trial court's judgment serves only as the 'written declaration and embodiment' of the trial court's oral pronouncements." *Hill v. State*, 440 S.W.3d 670, 674 (Tex. App.—Tyler 2012, no pet.) (quoting *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002)). Thus, "when the oral

---

[3]In his brief, Davis' first issue reads, "Attorney fees do not carry forward in a motion to adjudicate because the subsequent judgment adjudicating guilt voids the prior order of deferred adjudication that ordered payment of attorney fees." Yet, Davis does not provide substantive argument or appropriate authority in support of this proposition. Rather, Davis argues that the attorney fees may not be brought forward because they were not assessed during the oral pronouncement of his sentence. We will address the argument Davis made in his brief.

pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Id.* (citing *Madding*, 70 S.W.3d at 135). However, because court costs do not affect the range of punishment or the number of years assessed, they are not part of the sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *Hill*, 440 S.W.3d at 674. Rather, "court costs are compensatory in nature" and need not be included in the oral pronouncement to be effective. *Hill*, 440 S.W.3d at 674 (citing *Armstrong*, 340 S.W.3d at 766–67; *Weir*, 278 S.W.3d at 366–67).

Since they reimburse the county for the services of court-appointed attorneys, attorney fees, like court costs, are compensatory and non-punitive. *Id.* (citing *Armstrong*, 340 S.W.3d at 767). As a result, the rules applicable to court costs also apply to court-appointed attorney fees—they do not have to be orally pronounced to be enforceable. *Id.* at 675 (citing *Armstrong*, 340 S.W.3d at 767; *Weir*, 278 S.W.3d at 367). The trial court therefore did not err in bringing forward the assessment of court-appointed attorney fees from the deferred adjudication order to its judgment adjudicating guilt. We overrule Davis' first issue.

### III. Davis Forfeited His Sufficiency Complaint

In his second issue, Davis complains that the evidence was insufficient to support the assessment of court-appointed attorney fees. Davis argues that the presumption that he was indigent was never rebutted and thus that the assessment of attorney fees was unsupported by sufficient evidence.

Here, the assessment of court-appointed attorney fees was originally contained in the order of deferred adjudication. The record shows that an assessment for those same fees was made in

4

the judgment adjudicating guilt. All complaints about the imposition of court costs in an order of deferred adjudication must be asserted in a timely appeal of the deferred-adjudication order. *Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014). This includes complaints about the sufficiency of evidence supporting the assessment of court-appointed attorney fees. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). A defendant with knowledge of the imposition of court-appointed attorney fees in a deferred adjudication order who fails to timely appeal from the deferred adjudication order forfeits any complaint about court-appointed attorney fees assessed in the order and may not assert those complaints in an appeal from a judgment adjudicating his guilt. *Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 318, 321 (Tex. Crim. App. 2013).

Here, the $500.00 for court-appointed attorney fees was imposed in the order of deferred adjudication. The record shows that the order of deferred adjudication was embossed with Davis' right thumb print. On the same date as the order of deferred adjudication, Davis signed a written plea bargain agreement in which he agreed to reimburse $500.00 for court-appointed attorney fees. "Under these circumstances, the presumption of regularity applies,[4] and we must conclude that [Davis] was aware of the requirement that he pay . . . . the cost of court appointed attorney fees." *Wiley*, 410 S.W.3d at 320–21.

For that reason, Davis would have known to challenge the imposition of attorney fees by direct appeal from the order of deferred adjudication. By failing to do so, he forfeited his

---

[4]*See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) (op. on reh'g) (appellate courts "indulge every presumption in favor of the regularity of documents in the trial court").

sufficiency complaint. *Riles*, 452 S.W.3d at 338; *Wiley*, 410 S.W.3d at 321. We therefore overrule Davis' second issue.

## IV. Conclusion

For the reasons stated, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     September 24, 2019
Date Decided:       October 8, 2019

Do Not Publish