

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00108-CR

LAKENDRICK DEONTAE RUGLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 51582-A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Lakendrick Deontae Rugley was indicted for unauthorized use of a vehicle and unlawful possession of a firearm by a felon, enhanced by the indictment's allegation that he had a prior felony conviction for evading arrest with a vehicle. He entered plea agreements for each offense by which he stipulated to the evidence, waived his right to a jury trial, and pled guilty to the charged offenses. Pursuant to the agreements, the trial court deferred any finding of guilt and placed Rugley on deferred adjudication community supervision for five years for unauthorized use of a vehicle and for ten years for unlawful possession of a firearm by a felon. On July 27, 2021, the State moved to adjudicate Rugley's guilt and revoke his community supervision. Rugley pled true to the allegations in the State's motion, and the trial court found the allegations to be true, adjudicated Rugley's guilt, revoked his community supervision, and sentenced him to twenty-two months in state jail for unauthorized use of a vehicle and eighteen years in prison for unlawful possession of a firearm.

Rugley appeals from his conviction for being a felon in possession of a firearm, and he argues that the trial court erred because his sentence exceeded the maximum sentence contemplated by the parties.[1] Because we find that the trial court was free to sentence Rugley within the proper statutory punishment range, we affirm the trial court's judgment.

---

[1]We resolve Rugley's appeal from his conviction for unauthorized use of a vehicle in our opinion issued this day in cause number 06-21-00109-CR.

2

## I.      Rugley's Sentence Was Within the Statutory Range

In his sole point of error, Rugley contends that his sentence for unlawful possession of a firearm exceeds the maximum sentence cap that was contemplated and agreed to by the parties.

The indictment charged Rugley with being a felon in possession of a firearm, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(e) (Supp.). The punishment range for a third-degree felony is between two and ten years in prison and a fine of up to $10,000.00. TEX. PENAL CODE ANN. § 12.34. However, because the indictment also alleged that Rugley had been previously convicted of evading arrest with a vehicle, a non-state-jail felony, his punishment range was enhanced to that of a second-degree felony—confinement for two to twenty years and a fine of up to $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42(a), 46.04(e).

Although the felony indictment alleged only the single enhancement of a prior conviction for evading arrest with a vehicle, his plea documents stipulated that Rugley had two prior felony convictions—one for evading arrest with a vehicle in Harrison County and one for distribution of a controlled substance in DeSoto Parrish, Louisiana—and reflected the first-degree felony punishment range of twenty-five years to ninety-nine years or life in prison. *See* TEX. PENAL CODE ANN. § 12.32. During the plea hearing, Rugley pled true to both prior felony convictions. The trial court asked Rugley whether he realized that, by pleading true to the two prior felony convictions, the punishment range for the underlying offense was "25 to 99 or life." Rugley answered, "Yes, I understand." Notwithstanding those admonishments, Rugley, having entered a plea of guilty to the indictment's third-degree-felony charge and a plea of true to its single enhancement, faced a punishment range of between two and twenty years in prison and a fine of

up to $10,000.00. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42(a), 46.04(e). The trial court then accepted his pleas and, pursuant to the plea agreement, deferred adjudication of the offense and placed him on deferred adjudication community supervision for ten years.

Despite the fact that the judgment of deferred adjudication reflects "N/A" for any enhancement alleged or found, the record reflects that a single prior felony enhancement was alleged in the indictment, that Rugley pled true to the allegation, and that the trial court found the allegation to be true. Because the trial court's judgment is only the written declaration and embodiment of the court's oral pronouncements, the trial court's pronounced finding that the enhancement was true controls over the written judgment. *See Hill v. State*, 440 S.W.3d 670, 674 (Tex. App.—Tyler 2012, no pet.) (citing *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (orig. proceeding)).

After Rugley's testimony and closing arguments at the adjudication hearing, the trial court adjudicated Rugley guilty of being a felon in possession of a firearm, sentenced him to eighteen years in prison, and assessed a fine of $5,000.00. Even though the trial court was not required to admonish Rugley as to the punishment range at the adjudication hearing, the trial court still informed him of the correct punishment range of between two and twenty years. *See Gutierrez v. State*, 108 S.W.3d 304, 309–10 (Tex. Crim. App. 2003); *Harris v. State*, 505 S.W.2d 576, 578 (Tex. Crim. App. 1974). The eighteen-year sentence Rugley received is within that correct punishment range. *See* TEX. PENAL CODE ANN. §§ 12.33, 12.34, 12.42(a).

4

Rugley contends that the trial court erred in sentencing him to eighteen years because he and the State had agreed to cap his potential sentence at ten years in prison.[2]  In support of his argument, he directs the Court to the adjudication hearing, where the trial court admitted Rugley's stipulation of evidence.  After the State rested as to adjudication, the following colloquy occurred between the trial court, Rugley, the State, and the court clerk:

> THE COURT:  Do we have a plea bargain agreement?
>
> [COUNSEL FOR RUGLEY]:  There has been an offer made from the State.  I did speak with Mr. Smith[3] on this case.  Originally, the -- (inaudible) -- was 25 to life, but he offered 10 because I think there was an error in the judgment.  So I think we're max'd at 10.  If [the State] could --
>
> [THE STATE]:  That's exactly correct.  The offer is 10 years TDC.
>
> [COUNSEL FOR RUGLEY]:  And then 24 months on the State jail, and it's my understanding that Mr. Rugley would like to reject that offer.
>
> THE COURT:  Okay.  Let's go back because I think it's two to 20, isn't it?  Isn't it . . . two to 20, or not?  Let me look.  Let's look at the paperwork.  I mean, I understand why he's rejecting the max, but I don't think --
>
> THE CLERK:  Judge, just to shed a little bit of light on the situation, because Todd and I talked, as well.  The original judgment did not reflect the enhancements, so that's why [the plea offer is] capped at 10 right now.  Because as it stands, the enhancements are not on the original judgment.
>
> THE COURT:  Okay.  Let's see here.  Okay.  But the stipulation has the original.

---

[2]Rugley does not challenge his plea of guilty, his plea of true to the enhancement allegation, his plea of true to the allegations for adjudication, or the sufficiency of any admonishments that he did or did not receive.  Likewise, he does not argue that he would have accepted the State's offer of ten years of deferred adjudication community supervision had he known that the punishment range was between two and twenty years in prison.

[3]The "Mr. Smith" and "Todd" referred to is presumably Todd Smith, the Gregg County Assistant Criminal District Attorney representing the State during Rugley's plea hearing.

THE CLERK: I agree and understand, Judge. I'm just letting you know what Todd told me and why he offered 10 as the max.

THE COURT: Well, usually, if the 10 is the max, they don't offer 10 because the guy -- he doesn't have anything to lose. So I'm thinking the max is 20.

Do you see -- I mean, Ms. Anderson, I don't know. But on the original paperwork signed back in June, it was -- I thought -- I thought we had the hearing -- this is the guy that was going to Oklahoma, right?

[THE STATE]: Right.

THE COURT: Okay. Well, he didn't -- the State didn't want to offer it, but he was getting probation anyway. So they -- Todd thought it was 25 to 99.

But there's two paragraphs in here, and it looks like to me he ended up pleading to two to 20. That's what it looks like in the paperwork.

THE CLERK: And it is, Judge. And when Todd and I spoke about this, I said, well, that was a clerical error. We should have put the enhancements on the original judgment --

THE COURT: Yeah.

THE CLERK: -- after the plea. That was left off, and I was going to do a nunc pro tunc judgment to correct that. And that's when he informed me, no, he was not proceeding that way. He was proceeding with it being capped at 10 because of the original judgment, how it reads, it was just two to 10.

THE COURT: Well, if we did a nunc pro tunc, it would then be two to 20, right? I mean, okay. Here's the deal. I don't think -- I think just because the judgment's wrong -- I think the original sentence was two to 20. I mean, I may be wrong and I guess it could go up on appeal or something, but I think he pled two to 20.

THE CLERK: I agree with you, Judge. And I had that conversation with Todd, but I was --

THE COURT: Yeah.

THE CLERK: -- told differently from him. So I did not do the nunc and let him proceed how he wanted to.

6

[COUNSEL FOR RUGLEY]: Judge, we're in agreement with Todd.

THE COURT: I know, but I don't think that's right. I mean, I think -- I think if we have a hearing, I can give him 20 years. That's what I think.

So okay. So here's the bottom line. Does he want to take the 10, or does he want to have a hearing and in my mind be subject to 20 and then he can appeal it?

. . . .

[COUNSEL FOR RUGLEY]: Judge, Mr. Rugley does want to proceed with an open revocation hearing.

THE COURT: Okay. Well, okay. So my -- my opinion is [that the punishment range] is two to 20 . . . and that's my opinion.

We need not determine whether this colloquy indicated the existence of a plea bargain agreement because it would not have restricted the trial court's available sentencing range. *See Ex parte Huskins*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (orig. proceeding). Even if the parties had reached a plea bargain as to the sentence to be assessed after adjudication,

> the trial court is not bound by the rules that apply to plea bargains at an original sentencing; "regardless of whether the deferred adjudication was part of a plea bargain, recommended by the prosecution, imposed by the trial court without objection by the appellant, or granted under other circumstances, once the trial court proceeds to adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits."

*Id.* (quoting *Von Schounmacher v. State*, 5 S.W.3d 221, 223 (Tex. Crim. App. 1999) (per curiam)). For that reason, the trial court was free to sentence Rugley within the proper statutory range, regardless of whether the parties had agreed to a plea bargain. Accordingly, we overrule this point of error.

7

## II.    Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     March 15, 2022
Date Decided:      May 5, 2022

Do Not Publish