

IN THE
TENTH COURT OF APPEALS

No. 10-12-00259-CR

SAM WILEY, JR.,

                                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                                            Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-207-C2

# OPINION

Sam Wiley, Jr. was convicted of the offense of hindering apprehension and sentenced to eight years in prison and a $1,000 fine; however, that sentence was suspended and Wiley was placed on community supervision for a period of eight years. TEX. PEN. CODE ANN. § 38.05 (West 2011). One of the terms of his community supervision required Wiley to reimburse McLennan County for the cost of his court-appointed attorney in the amount of $400. The State later filed a motion to revoke his community supervision and the trial court found that Wiley had violated the terms and

conditions of his community supervision, revoked his community supervision, and sentenced him to eight years in prison and a $1,000 fine. The judgment from the revocation assessed attorney's fees against Wiley in the amount of $800, which included the prior assessment from when he was placed on community supervision and a second assessment of $400 for the attorney's fees assessed for the revocation proceedings. Wiley complains that the evidence was insufficient for the trial court to have assessed the entire amount of the attorney's fees pursuant to *Mayer v. State. Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). The State again concedes that the evidence was insufficient to support the assessment of the attorney's fees for the revocation of Wiley's community supervision but not for the attorney's fees assessed at the time of the imposition of the community supervision.[1] We agree that the evidence was insufficient for the second assessment of the $400 in attorney's fees at the time of the revocation of Wiley's community supervision.

However, as to the first assessment, we have previously determined that a complaint regarding the assessment of attorney's fees as a condition of community supervision must be raised at the time the condition was imposed. *See Price v. State*, No. 10-10-00303-CR, 2012 Tex. App. LEXIS 3321 at *5 (Tex. App.—Waco Apr. 25, 2012, no pet.) (*citing Speth v. State*, 6 S.W.3d 530 (Tex. Crim. App. 1999)). We recognize that the appellate courts are divided as to whether or not a complaint regarding the imposition

---

[1] This is not the first time that the State has conceded error in an appeal from a post-*Mayer* judgment.

of attorney's fees originally assessed in a criminal proceeding may be raised for the first time on appeal from the revocation of community supervision. *See, e.g., Wolfe v. State*, No. 07-10-00201-CR, 2012 Tex. App. LEXIS 5368 at *11 (Tex. App.—Amarillo July 6, 2012, no pet. h.) (concluding that even though a condition of appellant's community supervision required payment of court-appointed attorney's fees, at the time of adjudication evidence was insufficient to support the trial court's assessment of those fees as court costs); *Derby v. State*, No. 09-11-0256-CR, 2011 Tex. App. LEXIS 9810, at *6-7 (Tex. App.—Beaumont Dec. 14, 2011, no pet.) (not designated for publication) (same); *Beck v. State*, No. 13-11-00646-CR, 2012 Tex. App. LEXIS 7135 at *5 (Tex. App.—Corpus Christi Aug. 23, 2012, no pet. h.) (not designated for publication) (same); *but see, c.f., Jackson v. State*, No. 02-09-00258-CR, 2010 Tex. App. LEXIS 10115 at *18 (Tex. App.—Fort Worth Dec. 23, 2010, no pet.) (must challenge fees at the time original sentence imposed); *Hill v. State*, No. 12-11-00292-CR, 2012 Tex. App. LEXIS 5492 at *8 (Tex. App.—Tyler July 11, 2012, no pet. h.) (same). We will follow our recent decision in *Price* and find that because Wiley did not complain about the assessment of the original $400 in attorney's fees when his community supervision was imposed, he has waived that complaint. *Id*. Wiley's sole issue is sustained in part and overruled in part.

*Conclusion*

The evidence was insufficient for the trial court to have assessed the attorney's fees incurred by Wiley's revocation attorney in the judgment revoking Wiley's

probation; however, the complaint regarding the attorney's fees assessed from the judgment placing Wiley on community supervision was waived. Therefore, the judgment of the trial court is reversed in part as to the issue of the assessment of the court appointed attorney's fees and this proceeding is remanded to the trial court for the entry of a new judgment in accordance with this opinion.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed in part and remanded
Opinion delivered and filed November 29, 2012
Publish
[CR25]