

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00275-CR

RICHARD DON MOORE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

### From the 54th District Court
### McLennan County, Texas
### Trial Court Nos. 2007-1190-C2

_____

## No. 10-12-00291-CR

NATHAN ADCOCK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2009-1375-C1

_____

**No. 10-12-00276-CR**

**RAY CLARENCE BLEDSOE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 2012-836-C2**

---

## CONCURRING AND DISSENTING OPINION

---

Austin, we have a problem.[1]  In each of these proceedings, there is information in the record that is inconsistent with other information and casts doubt on the validity of the waivers of the right to appeal, or the correctness of the certifications of the right to appeal which, in each proceeding, indicate the defendants do not have the right to appeal.  The question is:  how do we proceed to develop each proceeding and dispose of the appeals?  The easy thing to do is simply ignore the problems presented by the records and dismiss the appeals – all three; and there are many other similar proceedings.  Before the problem was noted as a result of investigation into a related recurring issue, we have dismissed similar proceedings without a closer examination of the record.  But having discovered the problem in these appeals, I cannot justifiably ignore it.  _See Dears v. State_, 154 S.W.3d 610, 614-615 (Tex. Crim. App. 2005).

---

[1] My apologies for the paraphrase of Command Module Pilot Jack Swigert's statement after the malfunction and explosion on Apollo 13 that doomed the mission and almost doomed the astronauts on board.

In *Moore*, the judgment, waiver of right to appeal, and the certification of the right to appeal all indicate they were signed on June 28, 2012.

The judgment in the clerk's record consists of a total of 10 pages. The judgment indicates that court costs are $402.00. This amount is handwritten on the face of the judgment.[2] Included in the judgment is a "Bill of Cost" from the "District Court Fee System" which indicates it was printed on July 9, 2012 at 15:25:06, or 3:25 p.m.[3] The last item included in the Bill of Cost was "Billed" on July 9, 2012. It is for $74.15 of "Restitution." When the judgment was filed on July 9, 2012, it was time stamped at 9:59 a.m., over five hours before the Bill of Cost was printed/prepared.

Also incorporated in the judgment and comprising part of the 10 pages of the judgment is an "Order to Withdraw Funds" which purports to have been entered on June 28, 2012. It does not indicate on what date it was signed but I must assume it was signed before it was entered. The order indicates that $811.15, which is handwritten into the text of the order, of "[c]ourt cost, fees, and/or fines and/or restitution have been incurred." With reference back to the totals in the "Bill of Cost," we know that amount is comprised of the following:

---

[2] I refer to the first two pages of each judgment as the "face of the judgment." The remainder of each judgment consists of various attachments but which also are part of the judgment. The trial court's signature appears on the bottom of the second page.

[3] I note this is not a Certified Bill of Cost. *See Johnson v. State*, No. 14-11-00693-CR, 2012 Tex. App. LEXIS 8657 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, no pet. h.) (not designated for publication). Any reference in this opinion to "Bill of Cost" is to this type document and not a certified bill of cost.

|            | Due        | Paid      | Balance  |
|------------|------------|-----------|----------|
| Cost       | $ 968.00[4] | $ 566.00 | $ 402.00 |
| Fine       | 1,000.00   | 665.00    | 335.00   |
| Restitution| 74.15      | .00       | 74.15    |
|            | $ 2,402.15 | $1,231.00 | $ 811.15 |

Based on the date and time the judgment was file stamped, July 9, 2012 at 9:59 a.m., and the date and time the "Bill of Cost" was printed (July 9, 2012 at 15:25:06), I do not see how the "Court Cost" amount written on the face of the judgment could have been known or the "Bill of Cost" attached as part of the judgment when the judgment was purported to be signed on June 28, 2012. I note the "date" on the judgment on which it purports to have been "signed and entered" is typed.

Based on the foregoing analysis, it appears there were blanks on the face of the judgment, as well as in the order to withhold funds incorporated into the judgment, at the time that both were signed.

A waiver of the right to appeal is ineffective if it is signed before the sentence is announced and there is no agreement as to punishment. *Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012). For the same reasons, I believe a waiver signed before all the blanks in the judgment are filled in is likewise ineffective.[5] This is particularly

---

[4] I note the court cost includes $100.00 of court appointed attorney fees for the revocation proceeding when all indication in the record is that the defendant is indigent and unable to pay. This would be a violation of *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). It also includes $400.00 for attorney fees for the original representation in 2007. We have recently noted a split in the court of appeals authority as to whether or not this is properly included in costs. *Wiley v. State*, No. 10-12-00259-CR, 2012 Tex. App. LEXIS 9851 (Tex. App.—Waco, Nov. 29, 2012, no pet. h.) (publish). We have held that it is. *Id.*; s*ee Price v. State*, No. 10-11-00070-CR, 2012 Tex. App. LEXIS 8776 (Tex. App.—Waco Oct. 18, 2012, no pet. h.) (not designated for publication).

[5] As in *Adcock*, discussed later herein, the defendant adopted the waiver on the record after his sentence was pronounced. Unlike *Adcock*, however, there is nothing in the record to indicate that subsequent to the pronouncement of sentence and waiver of the right to appeal, that the trial court would improperly

true where, as in this case, the amount included in court cost includes an amount for attorney fees that even the district attorney's office has had to repeatedly concede is error to include. *Wiley v. State*, No. 10-12-00259-CR, 2012 Tex. App. LEXIS 9851 (Tex. App.—Waco, Nov. 29, 2012, no pet. h.) (publish); *Davis v. State*, No. 10-11-00390-CR, 2012 Tex. App. LEXIS 7479 (Tex. App.—Waco Aug. 30, 2012, no pet.) (not designated for publication); *Preston v. State*, No. 10-11-00429-CR, 2012 Tex. App. LEXIS 6684 (Tex. App.—Waco Aug. 9, 2012, no pet.) (not designated for publication); *York v. State*, No. 10-11-00413-CR, 2012 Tex. App. LEXIS 4963 (Tex. App.—Waco June 20, 2012, no pet.) (not designated for publication); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 (Tex. App.—Waco June 27, 2012, no pet.) (not designated for publication); *Coleman v. State*, No. 10-11-00399-CR, 2012 Tex. App. LEXIS 4528 (Tex. App.—Waco June 6, 2012, no pet.) (not designated for publication); *Harris v. State*, No. 10-12-00015-CR, 2012 Tex. App. LEXIS 4206 (Tex. App.—Waco May 23, 2012, no pet.) (not designated for publication); *Alexander v. State*, No. 10-10-00279-CR, 2012 Tex. App. LEXIS 3125, (Tex. App.—Waco April 18, 2012, no pet. h.) (not designated for publication); *Beard v. State*, No.10-11-00296-CR, 2012 Tex. App. LEXIS 1656 (Tex. App.—Waco Feb. 29, 2012, pet. ref'd) (not designated for publication); *Tynes v. State*, No. 10-11-00048-CR, 2011 Tex. App. LEXIS 9846 (Tex. App.—Waco Dec. 14, 2011, pet. ref'd) (not designated for publication); *Steele v. State*, No. 10-10-00424-CR, 2011 Tex. App. LEXIS 9608 (Tex. App.—Waco Dec. 7, 2011, pet. dism'd) (not designated for publication); *Parker v. State*, No. 10-10-00381-CR, 2011 Tex. App. LEXIS 9612 (Tex. App.—Waco Dec.

---

include attorney's fees in court cost or the amount to be collected from the inmate's account. Further, like *Adcock*, we should not have and should not need the record to process this proceeding.

7, 2011, pet. ref'd) (not designated for publication); *Stevenson v. State*, No. 10-09-00358-CR, 2011 Tex. App. LEXIS 8302 (Tex. App.—Waco Oct. 19, 2011, no pet.) (not designated for publication); *Watkins v. State*, 333 S.W.3d 771 (Tex. App.—Waco 2010, pet. ref'd); *Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255 (Tex. App.—Waco Oct. 13, 2010, no pet.) (not designated for publication).

Further still, by including an erroneous amount in court costs and then ordering those costs to be withdrawn from the inmate's (defendant's) account after the defendant has waived his right to appeal shows the fundamental deprivation of due process if the waiver were to be considered effective. By including the order to withhold funds from the inmate's account in the judgment, the inmate is purportedly put on notice of the order.[6] Since the defendant is on notice, and the amount of cost and the procedure for its collection are included in the judgment, the defendant must use a direct appeal to correct the judgment. *See Armstrong v. State*, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011) (appellant does not contest the withdrawal "order" or any collection effort but instead contests the assessment of the costs and the sufficiency of the evidence to support the attorney's fees mandated by the bill of costs); *Bazaldua v. State*, Nos. 10-10-00195-CV and 10-10-00196-CV, 2010 Tex. App. LEXIS 7310, *4 (Tex. App.—Waco Sept. 1, 2010, no pet) (mem. op.) (Gray, C.J., dissenting) ("if Bazaldua were complaining about the fact that costs had been assessed against him in the judgment and sentence as part of his criminal conviction, that complaint must be made on direct appeal…"). The issue: The defendant signed a waiver of the right to appeal the judgment. The problem: How can

---

[6] There is some question about this since neither the inmate nor his attorney is routinely provided a copy of the judgment.

the inmate appeal the erroneous amount included in the judgment for court costs after the judgment was signed via direct appeal? The solution: The waiver was signed before the content of the judgment was known or completed and, therefore, the waiver is ineffective.

This brings us back to this proceeding where all this is being grappled with by an indigent inmate, without an attorney, to try to explain why the certification of the right to appeal that indicates the defendant has waived the right to appeal is in error and how to get it corrected.

We have the duty to review the record if it has been filed to determine if the certification is defective. *Dears v. State*, 154 S.W.3d 610, 614-615 (Tex. Crim. App. 2005).

Based on the record before us, I would ask the district attorney to respond to the issue of why we should not hold that the waiver of the right to appeal is invalid and, thus, the certification of right to appeal which indicates Moore has no right to appeal because of the waiver is, thus, erroneous and why we should not abate this proceeding to the trial court with instructions to correct the certification and appoint counsel to represent Moore on appeal.

Accordingly, respectfully, I cannot approve of the notice which threatens dismissal unless "we receive a certification stating that appellant has a right to appeal or appellant shows other grounds for continuing the appeal." At this juncture, this is not the type proceeding, especially not on this record, where the defendant should have to

proceed without the assistance of counsel.[7]

## *Adcock v. State*
## 10-12-00291-CR

The issues presented in *Adcock v. State* are similar to those discussed in *Moore* above, except that in this proceeding we have already sent the notice and the proceeding is being dismissed. I respectfully concur in the judgment as explained below.

The judgment in this proceeding purports to have been "signed and entered" on July 9, 2012. It was filed in the District Clerk's office, on July 9, 2012 at 11:11 a.m. Court costs of $857.00 and restitution in the amount of $1,685.00 are handwritten on the face of the judgment. Included in the 10 pages which constitute the judgment is "Attachment A," "Order to Withdraw Funds." Although it does not indicate on what date it was signed, this order indicates that it was "entered" on the 9th day of July, 2012. However, unlike *Moore*, this attachment is not formally referenced or incorporated by reference on the face of the judgment. The order provides that the amount of $2,742.00 be withheld from Adcock's inmate account. In addition to the above-referenced "cost" of $857.00, and restitution of $1,685.00, there is a fine of $200.00. No payments have been made. Thus, the balance owed for all three categories is $2,742.00.

The "Bill of Cost" indicates that it was prepared/printed on July 10, 2012 at 12:25:00, or 12:25 p.m. The last item "billed" was the $1,685.00 of restitution on July 10, 2012, the day after the judgment was signed.

---

[7] It is clear from *Bledsoe* discussed later in this opinion that these problems will not be corrected without action from this Court. After a similar notice was sent in *Bledsoe*, there has been no correction and the Court is thus following through with its threat and dismissing Bledsoe's appeal.

I also note that the cost includes $400.00 of attorney fees, all incurred in the proceeding before the current revocation proceeding, and no attorney fees for the revocation proceeding. Accordingly, this proceeding does not suffer from the erroneous inclusion of attorney fees as does *Moore* discussed above.[8]

The judgment does, however, make reference to and purport to incorporate by reference, a restitution exhibit. The exhibit, however, is not included in the clerk's record and the reporter's record from the revocation hearing makes no mention of it.

Two further observations are noteworthy. First, the waiver of the right to appeal was specifically adopted by the defendant on the record after sentence was announced in open court. To the extent that the waiver was physically signed before sentence was announced, I believe this effectively cures any issue with invalidity caused by that aspect of the timing. Second, the restitution ordered first appeared by reference in the original judgment, February 1, 2010, and was to be included by an amendment to the conditions of community supervision at a later date. The restitution was in fact added and payment of it made a condition of community supervision on June 1, 2010.

Thus, unlike *Moore,* based on the record, everything that appears on the face of the judgment was known to the trial court and the defendant on the date that the trial court signed the judgment.

Based on the foregoing, while I have concerns that there is an attachment to the judgment prepared after the date the judgment was signed, it does not contain anything that was unknown to the trial court judge, the State, or the defendant at the time the

---

[8] This is, of course, subject to the Court of Criminal Appeals' resolution of the split of authority this Court recognized in *Wiley*. *See* footnote 4, *supra*.

waiver of the right to appeal was ratified in open court after the sentence was announced. Accordingly, I concur in the Court's determination that the certification of the right to appeal is supported by a valid waiver of the right to appeal and, therefore, join the judgment of dismissal of this proceeding.[9]

### Bledsoe v. State
### 10-12-00276-CR

In *Bledsoe*, the issues are substantially similar to those in *Moore*.[10] The judgment and waiver were "signed and entered" on June 25, 2012. The certification of right to appeal was signed by the trial court on July 5, 2012, but Bledsoe refused to sign it. All three documents were filed on July 6, 2012. The face of the judgment indicates no fine and no restitution. It assesses court costs of $3,061.50. This amount is entered by hand on the face of the judgment.

Incorporated into the judgment is an order to withhold this amount from the defendant's account.

The cost of $3,061.50 is reflected on a "Bill of Cost" which is part of the judgment. The "Bill of Cost" reflects that it was prepared/printed on July 10, 2012 at 8:07:22 or 8:07

---

[9] I note, however, that as a matter of course there should not be a clerk's record or reporter's record in this proceeding. The whole purpose of the certification of the right to appeal is so that the county can avoid the cost of preparing the record by this Court being in a position to dismiss the appeal based solely on the content of the certificate and the notice of appeal. *See Dears v. State*, 154 S.W.3d 610, 615-16 (Tex. Crim. App. 2005) (Keller, P.J., dissenting). However, because costs are not part of punishment, I have some doubt that the normal form of relief by habeas corpus as suggested by Presiding Judge Keller, *id*. at 616, would be available for a review of the erroneous inclusion in the judgment of attorney fees as part of cost. *See Ex parte Ramey*, No. AP-76,533, 2012 Tex. Crim. App. LEXIS 1511, * 2 (Tex. Crim. App. Nov. 7, 2012) ("Habeas corpus is available only for jurisdictional defects and violations of constitutional or fundamental rights; a claim alleging the violation of a rule of evidence is not cognizable on habeas corpus.").

[10] I note the trial court judge in *Moore* and *Bledsoe* is the same, whereas *Adcock* was decided by a different trial court judge.

a.m. Included in this amount is $2,627.50 of attorney fees billed on July 3, 2012 and additional costs of $244.00 billed on July 10, 2012.

Because of the issues we have been dealing with on the erroneous inclusion of attorney fees in assessed court costs in criminal cases,[11] Bledsoe's reference in his notice of appeal to the assessment in the judgment of $2,627.50 of court appointed attorney fees caught my attention.

My concerns in this proceeding mirror those expressed above with regard to *Moore*. Even though this proceeding involves a plea agreement, the plea agreement, as reflected in the judgment, does not reflect that attorney fees were going to be assessed as costs. And as to the waiver of appeal, it was signed on June 25, 2012, eight days

---

[11] *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Willis v. State*, No. 10-09-00420-CR, 2010 Tex. App. LEXIS 8255 (Tex. App.—Waco Oct. 13, 2010, no pet.) (not designated for publication); *Watkins v. State*, 333 S.W.3d 771 (Tex. App.—Waco 2010, pet. ref'd); *Morris v. State*, No. 10-10-00158-CR, 2010 Tex. App. LEXIS 9684 (Tex. App.—Waco Dec. 8, 2010, no pet.) (not designated for publication); *Mayer v. State*, No. 10-10-00302-CR, 2011 Tex. App. LEXIS 1369 (Tex. App.—Waco Feb. 23, 2011, pet. ref'd) (not designated for publication); *Stevenson v. State*, No. 10-09-00358-CR, 2011 Tex. App. LEXIS 8302 (Tex. App.—Waco Oct. 19, 2011, no pet.) (not designated for publication); *Parker v. State*, No. 10-10-00381-CR, 2011 Tex. App. LEXIS 9612 (Tex. App.—Waco Dec. 7, 2011, pet. ref'd) (not designated for publication); *Steele v. State*, No. 10-10-00424-CR, 2011 Tex. App. LEXIS 9608 (Tex. App.—Waco Dec. 7, 2011, pet. dism'd) (not designated for publication); *Tynes v. State*, No. 10-11-00048-CR, 2011 Tex. App. LEXIS 9846 (Tex. App.—Waco Dec. 14, 2011, pet. ref'd) (not designated for publication); *Beard v. State*, No.10-11-00296-CR, 2012 Tex. App. LEXIS 1656 (Tex. App.—Waco Feb. 29, 2012, pet. ref'd) (not designated for publication); *Inman v. State*, No. 10-11-00284-CR, 2012 Tex. App. LEXIS 2031 (Tex. App.—Waco March 14, 2012, no pet.) (not designated for publication); *Alexander v. State*, No. 10-10-00279-CR, 2012 Tex. App. LEXIS 3125, (Tex. App.—Waco April 18, 2012, no pet. h.) (not designated for publication); *Price v. State*, No. 10-10-00303-CR, 2012 Tex. App. LEXIS 3321 (Tex. App.—Waco April 25, 2012, no pet.) (not designated for publication); *Harris v. State*, No. 10-12-00015-CR, 2012 Tex. App. LEXIS 4206 (Tex. App.—Waco May 23, 2012, no pet.) (not designated for publication); *Coleman v. State*, No. 10-11-00399-CR, 2012 Tex. App. LEXIS 4528 (Tex. App.—Waco June 6, 2012, no pet.) (not designated for publication); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 (Tex. App.—Waco June 27, 2012, no pet.) (not designated for publication); *York v. State*, No. 10-11-00413-CR, 2012 Tex. App. LEXIS 4963 (Tex. App.—Waco June 20, 2012, no pet.) (not designated for publication); *Preston v. State*, No. 10-11-00429-CR, 2012 Tex. App. LEXIS 6684 (Tex. App.—Waco Aug. 9, 2012, no pet.) (not designated for publication); *Davis v. State*, No. 10-11-00390-CR, 2012 Tex. App. LEXIS 7479 (Tex. App.—Waco Aug. 30, 2012, no pet.) (not designated for publication); *Wiley v. State*, No. 10-12-00259-CR, 2012 Tex. App. LEXIS 9851 (Tex. App.—Waco, Nov. 29, 2012, no pet. h.) (publish) (discussing the split of authority regarding attorney's fees in a prior proceeding in the same case; *e.g.*, the defendant was put on community supervision).

before attorney fees were billed and 15 days before the "Bill of Cost," which is part of the judgment, was prepared/printed.

Thus, it appears the judgment had blanks in it at the time that it was signed and amounts included in the "Bill of Cost" were apparently unknown at the time sentence was announced. Based on what is before us, it appears to me that the certification may be erroneous because the waiver is probably invalid. Therefore, as with *Moore*, I would request a response from the district attorney as to why we should not hold the waiver to be invalid, and therefore the certification erroneous, and abate this proceeding to the trial court with instructions to correct the certification and to appoint counsel to represent Bledsoe on appeal.

## CONCLUSION

Based upon the information and records before us, it appears Moore's and Bledsoe's proceedings erroneously indicate their plea bargains and waivers deny them of their right to appeal. Based solely upon the content of the certification, the Court is on a path in *Moore* that will lead to dismissal and in *Bledsoe* that dismisses the appeal. I would not take that path. Accordingly, as to those proceedings, I respectfully dissent.

I can join the Court's judgment dismissing Adcock's appeal, notwithstanding that I have some concerns in *Adcock* about an attachment to the judgment being dated after the date the judgment purports to be signed. Only because I have both the clerk's record and the reporter's record, I am able to conclude that Adcock's waiver of appeal is not invalid because it was ratified after sentence was imposed and the judgment does not improperly include attorney fees or other costs or restitution amounts unknown to Adcock at the time the waiver of the right to appeal was ratified. Therefore, I

respectfully concur in the Court's judgment in *Adcock* dismissing the appeal.


TOM GRAY
Chief Justice

Concurring and dissenting opinion delivered and filed December 20, 2012