IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. PD-1728-12





 SAM WILEY, JR., Appellant


v.


THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE TENTH COURT OF APPEALS

MCLENNAN COUNTY




 Price, J., delivered the opinion for a unanimous Court. 


O P I N I O N 


 After finding that the appellant was indigent and appointing trial counsel for him, the
trial court accepted his guilty plea for the offense of hindering apprehension and sentenced
him to eight years' confinement in the penitentiary. Thereafter, the trial court suspended the
appellant's sentence and imposed eight years' community supervision. Without making a
finding that the appellant had the present resources to repay the county for his court
appointed trial attorney, the trial court ordered the appellant to pay court costs, which,
according to a bill of costs attached to the written judgment, included those attorney fees. 
The appellant did not appeal at the time of the imposition of community supervision. But
when the appellant's community supervision was later revoked and he was sentenced to eight
years' incarceration, the appellant did appeal. It was pursuant to that revocation appeal that
the appellant complained, for the first time, that the evidence had been insufficient to support
the order that he pay for his court appointed lawyer for the initial plea proceedings. The
court of appeals acknowledged that the evidence was insufficient to order the repayment of
those initial attorney fees, but held that the appellant procedurally defaulted this claim by
failing to raise an objection in the trial court at the time that community supervision was
imposed. We granted the appellant's petition for discretionary review to determine whether
the appellant did in fact procedurally default his claim. We hold that he did, albeit on a basis
different than that upon which the court of appeals relied. Accordingly, we will affirm.FACTS AND PROCEDURAL HISTORY

In the Trial Court

 The trial court found the appellant indigent and granted his request for court appointed
counsel to represent him in the charges he faced for hindering apprehension. (1) A day later,
on November 3, 2011, the appellant, with the assistance of appointed counsel, pled guilty to
that offense pursuant to a negotiated plea bargain with the State. The trial court admonished
the appellant that, should it follow the plea bargain, the appellant would not be allowed to
appeal without the trial court's permission. (2) On December 14, 2011, the trial court sentenced
the appellant to eight years in the penitentiary and a $1,000 fine; however, the trial court
suspended the sentence and placed the appellant on community supervision for eight years. 
On that same date, the written judgment was entered, which included a sub-heading entitled
"Court Costs." While most of the text of the judgment was computer-generated, the amount
of court costs, $898.00, was handwritten. It is unclear from the record whether this amount
had already been written into the judgment by the time the appellant signed it.

 The judgment also incorporated the appellant's conditions of community supervision,
and those conditions expressly included a requirement that the appellant pay, as court costs,
all attorney fees as provided by a bill of costs that was attached to the judgment. (3) On its face,
this computer-generated bill of costs indicated that it was printed out on the same
day--December 14th--that the appellant was sentenced. It itemized the particulars of the
court costs, which included a $400.00 cost for the appellant's court appointed attorney during
the plea proceedings. In a declaration signed by the appellant that appears on the last page
of the judgment next to his thumbprint, (4) the appellant acknowledged that "[t]he terms and
conditions set forth in this probation order have been read and explained to me on December
14, 2011, and I understand them." On that same day, the appellant also executed an express
written waiver of appeal, (5) and he did not pursue an appeal at that time. (6)

 On February 20, 2012, the State filed a motion to revoke the appellant's probation for
technical violations. (7) The defendant again filed a request for a court appointed attorney, and
the trial court again found the appellant to be indigent and appointed counsel to handle the
motion to revoke. After a hearing conducted on June 14, 2012, the trial court revoked the
appellant's community supervision and sentenced him to eight years' confinement in the
penitentiary. The written judgment was entered the same day. A new bill of costs, printed
out the day after the revocation judgment, itemized the appellant's total court costs. This
time the attorney fees were listed at $800.00--the unpaid $400.00 balance for the attorney
who represented the appellant when the trial court initially placed him on community
supervision, plus an additional $400.00 for the attorney who represented him during the
revocation proceeding. The trial court also entered an order authorizing the withdrawal of
funds from the appellant's inmate trust fund account, on a fixed monthly basis, until both his
fine and his court costs, including the $800.00 total in attorney fees, should be paid off. (8) The
trial court certified the appellant's unlimited right to appeal from the revocation order, (9) and
the appellant appealed.In the Court of Appeals

 On authority of this Court's opinion in Mayer v. State, (10) the appellant for the first time
complained that the evidence was insufficient to support the assessment of both sets of
attorney fees. (11) The State conceded that the evidence was insufficient to support the trial
court's order that the appellant pay all of the attorney fees. (12) However, following its holding
in an earlier unpublished opinion in Price v. State, (13) the court of appeals determined that
complaints about "the assessment of attorney's fees as a condition of supervision must be
raised at the time the condition was imposed." (14) Accordingly, it upheld the $400.00 portion
of the attorney fees that was assessed against the appellant as the cost of his court appointed
representation during the original plea proceedings. While recognizing that other courts of
appeals have split as to whether an appellant can raise complaints about attorney fees
imposed at the time of probation in a later appeal from the revocation of that probation, the
court of appeals adhered to its reasoning in Price, holding that the appellant procedurally
defaulted his claim by not objecting to the attorney fees at the time it was initially assessed
at his sentencing. (15) We granted this petition for discretionary review to resolve an apparent
conflict among the courts of appeals. (16) We will affirm the judgment of the court of appeals.

THE ISSUE

 The question of whether the evidence is sufficient to support an order for the
repayment of attorney fees is, we have held, a criminal law matter. (17) The necessary
procedure for ordering formerly indigent defendants to pay attorney fees is governed by
Texas Code of Criminal Procedure article 26.05(g). (18) Under this article, once a defendant
is declared indigent, a trial court may order a defendant to pay for the costs of "legal services
provided"--but only if it first determines that the "defendant has financial resources that
enable him to offset in part or in whole the costs[.]" (19) A defendant who has previously been
found indigent is presumed to remain indigent unless there is a "material change" in his
financial status, and in the absence of any indication in the record that his financial status has
in fact changed, the evidence will not support an imposition of attorney fees. (20) In this case,
because the trial court failed to find that the appellant's financial status changed after initially
finding the appellant to be indigent, the record is insufficient to support the order to pay the
attorney fees stemming from his court appointed representation during the initial plea
proceedings.

 Various courts of appeals have held, however, that such a sufficiency claim is subject
to procedural default and may be forfeited in one or both of two ways. The first type of
forfeiture, and the one that the court of appeals in this case seems to have invoked, occurs
when a defendant fails to raise an objection to the imposition of attorney fees as a condition
of community supervision at the time it is initially imposed in the trial court. (21) The second
type of forfeiture, accepted by at least one other court of appeals, occurs when, regardless of
whether there has been an objection at trial, the defendant fails to raise his sufficiency claim
in an appeal immediately following his placement on community supervision, waiting instead
to try to raise the issue for the first time in his appeal from a later revocation order. (22) The
appellant counters with the assertion, which also finds some support in lower court opinions,
that, because the trial court again required him to pay the earlier-assessed attorney fees in its
revocation order, while placing no limitations on his ability to appeal from that order, the
court of appeals erred in refusing to reach the merits of his sufficiency claim. (23)

 In our view, the appellant did forfeit his sufficiency complaint. But he did not forfeit
it by failing to preserve it by objection in the trial court, as the court of appeals here
concluded. We hold that he forfeited it because he failed to bring it as a claim in a direct
appeal from the order originally imposing community supervision.

THE CASE LAW AND THE ARGUMENTS

 In Mayer v. State, we held that an appellant may challenge the sufficiency of the
evidence to support an assessment of attorney fees in the written judgment for the first time
on appeal, and that such a claim need not be preserved by trial objection. (24) But Mayer
involved a jury trial, (25) not a negotiated guilty plea (as in this case). While our later opinion
in Armstrong v. State did involve a negotiated plea, the issue in Armstrong was not whether
Mayer should apply, but whether a challenge to the sufficiency of the evidence to support a
bill of costs assessing attorney fees constituted a civil law matter that was beyond the scope
of a criminal appeal or, alternatively, an appealable criminal law matter. (26) We held that it
was the latter and remanded the cause to the court of appeals to address the merits of the
claim. (27) It is true that Armstrong had apparently failed to object to the factual basis for the
attorney fees at any time during the protracted proceedings in the trial court. (28) Noting that
failure, and relying upon this Court's opinion in Speth v. State, (29) the State Prosecuting
Attorney argued that, "because [Armstrong] affirmatively accepted and waived any
objections to the conditions [of community supervision, including that he reimburse
appointed attorney fees], he cannot complain about them for the first time on appeal." (30) 
However, we were able to resolve the civil-law-matter/criminal-law-matter dispute without
addressing whether, in the context of a negotiated plea, Speth requires that the sufficiency
claim be preserved by objection in the trial court as a predicate to raising it on appeal, Mayer
notwithstanding.

 In the instant case, the court of appeals could not avoid the question of whether an
agreement to pay attorney fees as a condition of community supervision has to be preserved
in the trial court under Speth, and concluded that it does. In Speth, we held that an appellant
may not accept a condition of probation as part of a plea agreement and later challenge that
condition for the first time on appeal; instead, he must "complain at trial to conditions he
finds objectionable." (31) Moreover, beyond Speth, at least one other court of appeals has
identified a separate and distinct procedural default in the failure to raise such a claim in the
appeal from the order that originally imposed community supervision. (32) This latter forfeiture
is in keeping with the line of cases from this Court, culminating in Manuel v. State, holding
that an appellant will not be permitted to raise on appeal from the revocation of his
community supervision any claim that he could have brought on an appeal from the original
imposition of that community supervision. (33) The appellant in this case neither 1) objected
during the plea proceedings in the trial court, as required by Speth, nor 2) challenged the
assessment of attorney fees as a condition of community supervision on appeal in the
immediate aftermath of the imposition of community supervision, as required by Manuel.

 The appellant insists that both of these principles of procedural default are inapposite
here. He was not appealing from the original order imposing the reimbursement of appointed
attorney fees as a condition of his community supervision, he contends. Rather, he was
appealing the later revocation order, which improperly reiterated the requirement that he
reimburse his appointed attorney fees even though he would no longer enjoy the benefits of
community supervision. The appellant argues that, without the addition of that explicit
requirement in the revocation order, he could not be expected to reimburse those fees any
more than he could be expected to continue to fulfill any other routine condition of
community supervision, such as reporting periodically to his probation officer, submitting
to drug testing, or satisfying community service requirements. Any objection to the renewed
requirement that he reimburse the county for the cost of appointed attorney fees ripened only
as of the signing of the revocation order, he maintains, and should therefore be challengeable
in the appeal from the revocation.

ANALYSIS

 We reject the appellant's characterization. The reimbursement of attorney fees was
not imposed upon the appellant only as a condition of community supervision. On authority
of Article 26.05(g) of the Code of Criminal Procedure, the judgment independently imposed
an obligation to repay attorney fees--"as court costs." (34) That one of the conditions of
community supervision also made the fulfillment of that obligation necessary if the appellant
wanted to maintain his status as a probationer does not mean that he was not otherwise
obliged to do it in satisfaction of the judgment. In this respect, the requirement to pay court
costs was not comparable to the sort of conditions of community supervision that the
appellant invokes, such as reporting regularly to a probation officer, submitting to drug
testing, or satisfying community service requirements. The only reason the appellant must
satisfy these latter conditions is that he has contracted with the trial court to do so in order
to maintain his probationary status. Here, the judgment independently required him to pay
court costs, quite apart from the conditions of what we have sometimes called the "contract"
with the trial court by which a defendant stands to "benefit[ ] from the . . . privilege of
probation[.]" (35) And the specific terms of the judgment (rightly or wrongly) included as court
costs the reimbursement of appointed attorney fees.

 What this necessarily means is that the court of appeals was mistaken to say that Speth
required the appellant to preserve his sufficiency claim by way of an objection in the trial
court. Just because the judgment's independent requirement to pay court costs, including
court appointed attorney fees, was reiterated as one of the terms and conditions of community
supervision does not mean that the rationale of Speth should apply. The requirement that
the appellant pay court costs did not exist solely as a function of the probationary contract
between the appellant and the trial court. Because the obligation to pay attorney fees was
already imposed by the judgment as a court cost, a reviewing court may treat it for purposes
of appeal as it would treat any other judgment obligation for purposes of an evidentiary
sufficiency claim; that is, a reviewing court may inquire whether the record rationally
supports that obligation even in the absence of an objection in the trial court. In short,
Mayer, not Speth, controls. The court of appeals erred to conclude differently.

 But this also necessarily means that the appellant could readily have raised this
sufficiency claim in a direct appeal from the initial judgment imposing community
supervision. Failing to do so, we hold, constituted a procedural default under Manuel. (36) The
record in this case shows that the appellant was well aware of the existence and the amount
of the attorney fees that were imposed for his court appointed representation during the plea
proceedings. The bill of costs was dated the same day as the judgment imposing community
supervision and was, by the terms of the judgment itself--as indicated in bold capital
letters--attached. (37) By his signature, the appellant expressly acknowledged having read and
understood the conditions of community supervision. Under these circumstances, the
presumption of regularity applies, and we must conclude that the appellant was aware of the
requirement that he pay court costs, including the cost of court appointed attorney fees, even
as of the time he signed the judgment. (38) He would therefore have known to challenge the
sufficiency of the evidence to support this requirement as of the time of any direct appeal
from that judgment.

 Instead of doing so, he waived his right to appeal, though not required to do so by the
terms of any negotiation with the State. Whatever else could be said about such a waiver of
appeal, it was certainly executed knowingly with respect to any possible claim that the record
did not support the assessment of attorney fees. (39) That he chose to forego that appeal must
work as a forfeiture of the claim, and he may not, consistent with our case law, (40) attempt to
resuscitate it in a later appeal from the revocation of his community supervision.

CONCLUSION

 Albeit for a reason different than that provided by the court of appeals, we affirm its
ultimate judgment that the appellant procedurally defaulted his claim that the record does not
support the trial court's assessment of attorney fees to reimburse the county for the cost of
his court appointed representation during the initial guilty plea proceedings.


DELIVERED: September 25, 2013

PUBLISH
1. 

 Tex. Penal Code § 38.05. 
2. Tex. R. App. P. 25.2(a)(2)(B).
3. Condition of community supervision number 16 provided:


 The Court assesses all court appointed attorney's fees, investigator's fees, and
interpreter's fees as costs in this cause and Orders the defendant to pay the same. 
SEE THE ATTACHED BILL OF COSTS.


This condition authorized the appellant to pay these court costs over time, at the rate of $10 per
month, with the first payment to be made on or before February 15, 2012. The record does not reveal
whether the appellant made any such payment before his community supervision was revoked.
4. See Tex. Code Crim. Proc. art. 38.33, § 1 (requiring a print of the defendant's right thumb
to appear on an order placing him on community supervision for a felony offense).
5. At the conclusion of the punishment hearing on December 14th, the trial court also asked the
appellant in open court, "Now, you and your attorney have signed a waiver of appeal. Is that what
you wish to do?" The appellant replied, "Yes, sir."
6. See Tex. Code Crim. Proc. art. 42.12, § 23(b) ("The right of the defendant to appeal for
a review of the conviction and punishment, as provided by law, shall be accorded the defendant at
the time he is placed on community supervision.").
7. 

 The State's motion to revoke alleged that the appellant violated several of the conditions of
his community supervision (not including a failure to pay court costs) and also that he committed
a new offense. The appellant pled "not true" to the allegations that he had violated the conditions
of his community supervision, and the trial court held a hearing. At the hearing, the State abandoned
the allegation that he had committed a new offense and proceeded only upon the violations of the
conditions of his community supervision.
8. See Tex. Gov't Code § 501.014(e)(4) ("The department shall make withdrawals and
payments from an inmate's account under this subsection according to the following schedule of
priorities . . . (4) as payment in full for all orders for court fees and costs[.]"); Johnson v. Tenth
Judicial Dist. Ct. of Appeals, 280 S.W.3d 866 (Tex. Crim. App. 2008).
9. See Tex. Code Crim. Proc. art. 42.12, § 23(b) ("When [the defendant] is notified that his
community supervision is revoked for violation of the conditions of community supervision and he
is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, he may
appeal the revocation."). The limitations on appeal imposed by Rule 25.2(a)(2) of the Texas Rules
of Appellate Procedure do not apply to appeals from revocation of community supervision. Dears
v. State, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); Tex. R. App. P. 25.2(a)(2).
10. 

 309 S.W.3d 552 (Tex. Crim. App. 2010). 
11. 

 Wiley v. State, 390 S.W.3d 629, 630 (Tex.App.--Waco 2012).
12. 

 Id. at 630.
13. 

 No.10-10-00303-CR, 2012 WL 1435168 (Tex. App.--Waco Apr. 25, 2012, no pet.) (not
designated for publication). 
14. 

 Wiley, supra, at 630 (citing Price, supra).
15. 

 Id. 
16. 

 Tex. R. App. P.66.3(a). See Gipson v. State, No. 13-12-00065-CR, 2012 WL 3612499
(Tex. App.--Corpus Christi Aug. 23 2012, no pet.) (not designated for publication) (allowing
appellant to complain about attorney fees after revocation of probation without differentiating
between fees imposed at the time of probation and those imposed at revocation); Wolfe v. State, 377
S.W.3d 141 (Tex. App.--Amarillo 2012, no pet.) (the appellant did not procedurally default his
claim that the evidence was insufficient to support the imposition of attorney fees by failing to appeal
when the conditions were imposed); Derby v. State, No. 09-11-0256-CR, 2011 WL 6229679 (Tex.
App.--Beaumont 2011, no pet.) (same). But see Reyes v. State, 324 S.W.3d 865, 867-68 (Tex.
App.--Amarillo 2010, no pet.) (the appellant procedurally defaulted his claim with respect to
insufficient evidence to support an order that he pay attorneys fees when he did not object at the time
of imposition of conditions of probation); Jackson v. State, No. 02-09-00258-CR, 2010 WL
5186811, at *5 (Tex. App.--Fort Worth Dec. 23 2010) (same); Hill v. State, ___ S.W.3d___, 2012
WL 2834168, at *3 (Tex. App.--Tyler 2012, no pet.) (same); Price, supra, at *2 (same); Mathis
v. State, 397 S.W.3d 332, 341 (Tex. App.--Dallas 2013, pet. filed). See also Vargas v. State, Nos.
05-12-00334-CR, 05-12-00335-CR, 05-12-00336-CR, 2013 WL 3717768, at *2 (Tex.
App.--Dallas July 12, 2013) (the appellant procedurally defaulted his claim regarding sufficiency
of the evidence to support the imposition of attorney fees by raising it for the first time in his appeal
following revocation rather than in an appeal from the order imposing community supervision).
17. 

 Armstrong v. State, 340 S.W.3d 759, 766 (Tex. Crim. App. 2011). 
18. See Tex. Code Crim. Proc. art. 26.05(g) ("If the court determines that a defendant has
financial resources that enable him to offset in part or in whole the costs of the legal services
provided, including any expenses and costs, the court shall order the defendant to pay during the
pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able
to pay.").
19. 

 Id.
20. 

 Mayer, supra, at 557 (citing Tex. Code Crim. Proc. art. 26.04(p)). 
21. Wiley, supra, at 630. See also Reyes, supra, at 867-68; Jackson, supra, at *5; Price, supra,
at *2; Hill, supra, at *3; Mathis, supra, at 341. 
22. Vargas, supra, at *2; Wolfe, supra, at 149 (Campbell, J., dissenting).
23. Wolfe, supra, at 144-46; Gipson, supra, at *1; Derby, supra, at *3.
24. 309 S.W.3d at 556.
25. Id. at 553.
26. 340 S.W.3d at 761.
27. Id. at 767.
28. The judgment imposing deferred adjudication community supervision did not originally
incorporate any specific requirement that Armstrong reimburse his appointed attorney fees, whether
as a condition of community supervision or otherwise. Id. at 761-62. But the trial court later issued
supplemental orders that amended the conditions of community supervision specifically to include
a requirement that he repay "all . . . court-appointed attorney fees." Id. at 762. We made no
reference in our opinion to any objection that Armstrong might have made to the attorney fees that
were assessed.
29. 6 S.W.3d 530 (Tex. Crim. App. 1999).
30. Armstrong, supra, at 764.
31. 6 S.W.3d at 534. This requirement is subject to two limitations that we have previously
identified. First, an appellant must have been aware of the condition of community supervision "in
time to object at trial." Id. at 534 n.9; cf. Landers v. State, 402 S.W.3d 252 (Tex. Crim. App. 2013)
(failure to object to imposition of the cost of attorney pro tem did not result in forfeiture when the
appellant had no opportunity to make such an objection in the trial court). The Texas Code of
Criminal Procedure expressly authorizes the reimbursement of appointed attorney fees as a condition
of community supervision. Tex. Code Crim. Proc. art. 42.12, § 11(a)(11). Thus, the appellant had
notice that attorney fees could be imposed as a condition of community supervision, and from our
recitation of the facts above, it is apparent that the appellant would have been aware of the facts
necessary to formulate an objection, at least by the time of the sentencing hearing on December 14,
2011, that attorney fees were in fact being assessed, and in what amount, as a condition of his
community supervision. Second, a condition of community supervision that violates an absolute
prohibition or systemic requirement is "not subject to ordinary principles of waiver or procedural
default[,]" and may be challenged on that basis for the first time on appeal. Gutierrez v. State, 380
S.W.3d 167, 175-77 (Tex. Crim. App. 2012). The appellant does not contend that there is an
absolute legal prohibition against assessing attorney fees that are unsupported by the evidence, and
we are unaware of any.
32. See note 22, ante.
33. See Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) ("We have long held
that a defendant placed on 'regular' community supervision may raise issues relating to the
conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is
originally imposed. * * * That is, such issues may not be raised in appeals filed after 'regular'
community supervision is revoked. * * * [We] now hold that this rule also applies in the deferred
adjudication context. In other words, a defendant placed on deferred adjudication community
supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency,
only in appeals taken when deferred adjudication community supervision is first imposed.")
(citations omitted).
34. See note 18, ante.
35. Speth, supra, at 534.
36. See note 33, ante.
37. See note 3, ante.
38. See Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984) ("[T]his Court will
indulge every presumption in favor of the regularity of documents in the trial court. This means that
the recitations in the records of the trial court, such as a formal judgment, are binding in the absence
of direct proof of their falsity.") (citations omitted).
39. See Ex parte Reedy, 282 S.W.3d 492, 498 (Tex. Crim. App. 2009) ("[W]e have held that a
defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made
only under circumstances in which, and to the extent that, he is aware of what has occurred in the
trial proceedings. Only then is he in a position to know the nature of the claims he could have
brought on appeal but for his waiver.").
40. Manuel, supra, at 661, and cases cited therein.