

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00291-CR

**JOSEPH ROBERT MCELWAIN, JR.,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. F46929**

## O R D E R

Joseph Robert McElwain, Jr. was convicted of the offense of burglary of a habitation and sentenced to 15 years in prison. TEX. PEN. CODE ANN. § 30.02(c)(2) (West 2011). Counsel for McElwain has filed a motion to withdraw as counsel and a brief in support of his motion pursuant to *Anders v. California*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

The brief submitted by McElwain's court-appointed counsel states his professional opinion that there are no arguable grounds for reversal on appeal and,

therefore, that any appeal would lack merit. *See Anders*, 386 U.S. at 744. McElwain's counsel sent a copy of the brief to McElwain, requested permission to withdraw from the case, and notified McElwain of his right to review the record and file a pro se response, which McElwain has not done.

When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (citing same passage from *Anders*). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

At this time, our role in this *Anders* appeal is limited to determining whether arguable grounds for appeal exist. *Id*. at 827. If we determine that an arguable ground for appeal exists, we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *See id*. The trial court must then appoint another attorney to present all arguable grounds for appeal. *See id*. We do not

rule on the ultimate merits of the issues raised by a defendant in a pro se response, if any, at this juncture. *Id*. Rather, if we determine that there are arguable grounds for appeal, McElwain is entitled to have new counsel address the merits of all of the issues raised. *Id*. "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id*.

Our independent review of the record indicates that McElwain, although indigent, was assessed attorney's fees in the judgment of conviction. Based on our independent review of the record, we find that this is an arguable ground for appeal. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Wiley v. State*, 390 S.W.3d 629, 630 (Tex. App.—Waco 2012), *aff'd on other grounds*, 410 S.W.3d 313 (Tex. Crim. App. 2013). *See also Evans v. State*, 933 S.W.2d 334, 335-336 (Tex. App.—Waco 1996, order) (reformation of the judgment constitutes "relief," thus *Anders* appeal abated for the appointment of new counsel).[1] Court-appointed counsel's brief does not address this arguable ground.

Therefore, we abate this appeal to the trial court for the entry of an order withdrawing the appointment of present counsel and the appointment of new counsel. A copy of the order appointing new counsel shall be forwarded to the Clerk within ten

[1] There is substantial disagreement among the various courts of appeals whether this Court can modify the judgment and affirm or must abate to have new counsel appointed to brief this and any other issue identified by the new counsel. Further, we recognize abatement makes it almost impossible for this split of authority among the courts of appeals to be presented, reviewed, and resolved by the Court of Criminal Appeals. *But see Ferguson v. State*, No. 10-13-00173-CR, 2014 Tex. App. LEXIS ____ (Tex. App.—Waco March 6, 2014, no pet. h.) (publish) (also issued on this date; reformation of a judgment affirmed in an *Anders* appeal).

days of the date of this abatement order. Only after new counsel is appointed and the issue identified in this order, as well as any other issues that counsel wishes to advance in the brief on the merits, are addressed will we reach the merits of this appeal. Upon receipt of the appointment of new counsel, we will reinstate the appeal and new counsel will then have thirty days to file a brief unless a motion for extension for good cause is filed and granted by this Court pursuant to the Rules of Appellate Procedure.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Justice Scoggins dissenting)
Appeal abated
Order issued and filed March 6, 2014
Publish