

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00124-CR

_____

WILLIAM JOSEPH HUBER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR16567

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant William Joseph Huber pleaded guilty, without the benefit of a plea bargain, to the third-degree felony offense of driving while intoxicated (DWI) with two previous DWI convictions. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(b)(2). Additionally, Huber pleaded true to an enhancement paragraph, which raised the range of his punishment to that of a second-degree felony. *Id.* § 12.42(a). Huber elected to have a jury assess punishment, and the jury assessed his punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine. *See id.* § 12.33; *see also* Tex. Code Crim. Proc. Ann. art. 26.14. The trial court sentenced Huber accordingly, however, the written judgment included a restitution fee and a fine pursuant to Article 102.0185 of the Texas Code of Criminal Procedure that were not orally pronounced.[1] Huber timely filed a notice of appeal. *See* Tex. R. App. P. 25.1, 26.1. Because we will determine that the Article 102.0185 fine and the restitution ordered in the written judgment were improperly imposed, we will delete both and affirm the trial court's judgment as modified.

---

[1]The written judgment also included a $6,000 fine pursuant to Section 709.001 of the Texas Transportation Code. *See* Tex. Transp. Code Ann. § 709.001(b)(3). Although this fine was not orally pronounced at the punishment hearing, the trial court conducted a hearing three days later, where it announced the fine and then immediately waived the fine due to Huber's indigence. *See id.* § 709.001(c). Huber was present during the subsequent hearing.

Huber's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion thus meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991). Counsel also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[2] Huber sought access to the appellate record but did not file a pro se response. Likewise, the State did not file a response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the

---

[2]In *Kelly*, the Court of Criminal Appeals listed additional tasks an appointed lawyer who files an *Anders* brief must perform:

> He must write a letter to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous. To this list we now add that appointed counsel who files a motion to withdraw and *Anders* brief must also (4) take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

436 S.W.3d at 319 (footnote omitted). The court also required counsel to supply the appellant with the mailing address for the court of appeals. *Id.* at 320.

appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

As is our duty, we have carefully reviewed counsel's brief and the appellate record. The record shows that the jury did not assess, and the trial court did not include, a restitution order or an Article 102.0185 fine in its oral pronouncement of Huber's sentence. Yet, the written judgment reflects $60 in restitution owed and a fine of $10,100—comprised of the $10,000 fine assessed by the jury and the $100 Article 102.0185 fine.

A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1 (providing that "sentence shall be pronounced in the defendant's presence"). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The rationale for this rule is that "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. Once he leaves the courtroom, the defendant begins serving the sentence imposed." *See Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).

Here, notwithstanding the fact that Article 102.0185(a) states that the defendant "shall" pay a $100 fine on conviction of an offense under Chapter 49 with two

4

exceptions not relevant here, *see* Tex. Code Crim. Proc. Ann. art. 102.0185(a), the trial court did not orally pronounce the $100 fine that is included in the trial court's written judgment. Likewise, the restitution order was not orally pronounced. Thus, we modify the written judgment to delete the $60 in restitution and the $100 Article 102.0185 fine. *See Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment.") (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (holding fines are punitive and part of a defendant's punishment and must therefore be orally pronounced in defendant's presence)); *Gourley v. State*, 710 S.W.3d 368, 379 (Tex. App.—Fort Worth 2025, pet. ref'd) (modifying judgment to delete $100 Article 102.0185 fine when said fine was not orally pronounced by trial court); *see also Hill v. State*, 440 S.W.3d 670, 674 (Tex. App.—Tyler 2012, no pet.) (mem. op.) (holding that, like a fine, restitution is punitive) (citing *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006)).

Except for this modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 30, 2026